Benjamin Brenner, J.
Application is made for leave to sue the defendant, hereinafter referred to as the corporation, pursuant to statute.
The corporation was especially created by the Legislature to secure ‘ ‘ to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them * * * who, through no fault of their own, were involved in motor vehicle accidents caused by * * * (4) stolen motor vehicles, (5) motor vehicles operated without permission of the owner”. (Insurance Law, art. 17-A, known as Motor Vehicle Accident Indemnification Corporation Law, § 600 et seq.; L. 1958, ch. 759, § 2, eff. Jan. 1, 1959.)
Section 605 further provides in paragraph (c) of subdivision (3): “The corporation shall be obligated to provide the protection required by this article to a qualified person on account of a motor vehicle accident caused by owners or operators of motor vehicles occurring within the state. ’ ’
Definitions are provided by this statute as follows: A “ qualified person ” excludes “an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle ” (§ 601, subd. b). An “ insured ” is one to whom an automobile liability insurance policy has been issued pursuant to section 167 of the Insurance Law containing the insurer’s agreement to indemnify the insured for the damages resulting from the hazards described in section 600, which liability “ is assumed by the corporation [the defendant herein] pursuant to section one hundred sixty-seven [of the Insurance Law] (§ 605, subd. [a].)
The petitioners, husband and wife, are and were at the time of the accident residents of this State. The wife was a passenger in a taxicab owned and operated by the husband in this county, when she sustained injuries as a result of the collision between the taxicab and a motor vehicle bearing New Jersey license plate No. FD 8377 which was allegedly being operated in a reckless manner by a person who, together with other occupants of the automobile, immediately “ ran away”. The husband states he was advised by the police “ that the said vehicle had been stolen and that they had been unable to discover the names or whereabouts of the persons who were responsible for its theft or its operation at the time and place. ’ ’
In order to qualify the husband’s taxicab as a vehicle not insured according to the definition of the statute, the wife *588 asserts that there was in effect a liability insurance policy (Empire Mutual Insurance Company policy No. 60308 dated Jan. 1, 1959) covering the taxicab but that the policy did not include coverage for accidents involving “ uninsured ” other vehicles. She further asserts that her husband was not operating his cab in violation of an order of suspension or revocation, proof of which is required by section 618 (subd. [a], par. [3]), and “ That petitioners have made due and diligent efforts to discover and locate the operator of the said stolen vehicle ”.
The corporation interposes its objection to allowing suit upon the ground that there has not been sufficient compliance with the requirements set forth in section 618 which provides the procedure to be followed by the insured party and the court in “ hit and run ” cases, particularly those recited in paragraphs (2), (3), (4) and (5) of subdivision a of section 618.
The requirements of paragraph (2) are not met because there is lacking satisfactory proof pertaining to the coverages of the husband’s insurance policy; there being no direct statement by the husband relating thereto, nor has the policy itself or a copy thereof been submitted or its absence explained. The certificate of insurance submitted, lacking the pertinent information, is unrevealing. I am therefore unable to make a finding supporting petitioners’ contention that they come within the definition of ‘‘ qualified persons.” The requirements of paragraph (3), are also not met as it is my view that submission of the wife’s verified statement that the husband was “ not at the time * * * operating a motor vehicle in violation of an order of suspension or revocation” is plainly not sufficient as proof of the fact asserted. The hearsay statement that the New Jersey motor vehicle was stolen and was being operated without the owner’s consent (§ 618, subd. [a], par. [4]) is insufficient to warrant a finding that the car was stolen. Finally, paragraph (5) of the statute requires that the court be satisfied that “ all reasonable efforts have been made to ascertain the identity” of the operator. Certainly, the conclusory statement of the wife referred to cannot be deemed a compliance with the statute requiring that ‘ ‘ all reasonable efforts ’ ’ be made.
Application is denied without prejudice. Settle order on notice.